IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**JAMES ROBERT FLEISCHMAN, JR.,**
    **Plaintiff,**

vs.                                      Case No. 5:06cv70/SPM/MD

**WASHINGTON CORRECTIONAL INSTITUTION, et al.,**
    **Defendants.**
_____

<u>**ORDER and**</u>
<u>**REPORT AND RECOMMENDATION**</u>

      Plaintiff, an inmate of the Florida penal system proceeding *pro se*, commenced this action on March 26, 2006 by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). The matter is currently before the court upon his amended complaint, his motion to proceed *in forma pauperis*, and his motion for an injunction. (Docs. 6, 7 & 8, respectively). For the limited purpose of dismissal of this complaint, leave to proceed *in forma pauperis* will be granted.

      Plaintiff is incarcerated at Washington Correctional Institution ("Washington CI"). He names three defendants in this matter, all corrections officials at Washington CI: Assistant Warden Holly, Colonel McCalpen, and Classification Officer Speight. Plaintiff claims defendants violated his Eighth and Fourteenth Amendment rights when they denied his request to be placed on protective management status after an inmate sexually harassed him and threatened him with sexual assault. Plaintiff's allegations also refer to staff having "set [plaintiff] up with two disciplinary report[s]" and using chemical agents on him. As relief, plaintiff seeks "emergency transfer and monetary damages for cru[e]l and unusual punishment. Also plaintiff seek[s] punitive damages for the use of chemical agent,

stress being harassed, panic att[a]cks out of fear of be[ing] rape[d] or kill[ed]." (Doc. 6, p. 8).

Because plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Upon review of the complaint, the undersigned concludes this case should be dismissed as malicious.

On page six of the civil rights complaint form, Section IV(D), Previous Lawsuits, is the following question: "Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed." Where there are parenthetical areas to mark either a "yes" or "no" answer to Question (D), plaintiff marked "no." At the end of the civil rights complaint form, plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct." (Doc. 6, p. 8). Thus, plaintiff has in effect stated that he has initiated no lawsuits in federal court that have been dismissed prior to service.

This court does attempt to make, as a matter of course, an independent investigation into whether or not litigants truthfully complete the civil rights complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction. Further, in the light of 28 U.S.C. § 1915(g)[1], the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. The time spent verifying the cases

---

[1]Section 1915(g) provides that if a prisoner has had three (3) prior actions dismissed as frivolous or malicious or for failing to state a claim, the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Case No: 5:06cv70/SPM/MD

a plaintiff has filed but failed to identify, as well as the reasons for their dismissal can be considerable.[2]

Upon review of the file the Clerk has advised, and this court may take judicial notice, that plaintiff previously initiated one other civil action in this court that was dismissed prior to service. The case of *Fleischman v. Social Security*, case number 5:05cv241/SPM/MD, was a case plaintiff filed in this court on November 16, 2005 while incarcerated. There, plaintiff sought retroactive pay of social security income that he would have received had he not been incarcerated. The case was dismissed on January 11, 2006 for lack of subject matter jurisdiction. Plaintiff did not disclose this case in the instant complaint.

The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, plaintiff falsely responded to a question on the complaint form, as detailed above. Plaintiff knew from reading the complaint form that disclosure of all prior actions was required. If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Therefore, this court should not allow plaintiff's false response to go unpunished. The undersigned recommends that an appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice.[3]

---

[2] "[T]he task of counting strikes involves more than sophomoric arithmetic. Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted." *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998), *citing* 28 U.S.C.A. § 1915(g).

[3] Additionally, it is noted that plaintiff has been less than forthcoming on a related issue. When plaintiff commenced this suit on March 26, 2001, his original complaint was not on the court form. Plaintiff did, however, attempt to duplicate the court form, and in doing so wrote the following question: "B. Have you initiated other actions in federal court dealing with the same or similar facts/issues involved in this action?" (Doc. 1, p. 6). Plaintiff created parenthetical areas to mark either a "yes" or "no" answer to Question (B), and marked "no." He then signed the complaint after writing: "I declare under penalty of perjury that the foregoing statements of facts, including all continuation

**Plaintiff is warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions.** See *Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (*pro se, in forma pauperis* prisoner's misrepresentation about previous lawsuits may violate Rule 11).

**Accordingly, it is ORDERED:**

**Plaintiff's motion to proceed** *in forma pauperis* **(doc. 7) is GRANTED for the limited purpose of dismissing this action.**

**And it is respectfully RECOMMENDED:**

**1. That this cause be DISMISSED WITHOUT PREJUDICE as malicious pursuant to 28 U.S.C. §1915(e)(2)(B)(i) for plaintiff's abuse of the judicial process.**

**2. That all pending motions be DENIED as moot.**

**3. That the clerk be directed to close the file.**

**At Pensacola, Florida, this 25th day of April, 2006.**

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

---

pages, are true and correct." (*Id.*, p. 10).

Because the complaint was not on the court form, the court directed plaintiff to file an amended complaint. (Doc. 4). On April 10, 2006 plaintiff filed his amended complaint on the court form. (Doc. 6). On page five of the civil rights complaint form, Section IV(B), Previous Lawsuits, is the following question: "Have you initiated other actions in federal court dealing with the same or similar facts/issues involved in this action?" Where there are parenthetical areas to mark either a "yes" or "no" answer to Question (B), plaintiff marked "no." (Doc. 6, p. 5). At the end of the civil rights complaint form, plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct." (*Id.*, p. 8).

The court has discovered that on the same day plaintiff commenced the instant lawsuit, he filed another civil rights suit in this court concerning precisely the same facts and issues involved in this action, the only difference being that the named defendant in the related suit is "Secretary, Florida Department of Corrections." *See Fleischman v. Secretary, Florida Dep't of Corrections*, Case Number 5:06cv71/RS/EMT. Plaintiff did not disclose this related case in either the original or amended complaint filed in the instant action. Nor did plaintiff disclose the instant case in the related case. It was only after this court independently researched plaintiff's litigation history that this related case was discovered. That case has now been consolidated with the instant one. (Doc. 9). Although technically, the related case is not a "prior" case because it was initiated the same day as the instant one, it is certainly another action initiated in federal court dealing with the same facts and issues involved in the instant action.

*Case No: 5:06cv70/SPM/MD*

## **NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636;** *United States v. Roberts***, 858 F.2d 698, 701 (11th Cir. 1988).**